THE TRAVELERS INSURANCE COMPANY, Petitioner-Appellant, *v.* ESTATE OF JOHN STEPHEN O'ROURKE, Deceased, Respondent-Appellee.

(No. 55185;

First District—May 15, 1972.

Cornelius J. Harrington, Jr. and Alan H. Swanson, both of Chicago, (Kirkland, Ellis, Hodson, Chaffetz & Masters, of counsel,) for appellant.

John C. Mullen and Benjamin H. Black, both of Black & Beermann, of Chicago, for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

The Travelers Insurance Company (Travelers) filed a claim to recover $4,000.00 from the Estate of John Stephen O'Rourke, deceased. After a bench trial, the court denied the claim and the Travelers perfected this appeal. The following appears from the record.

On or about March 31, 1968, John Stephen O'Rourke was employed by the Railway Express Agency, Inc. (REA). On May 24 of that year, O'Rourke entered the armed forces and was granted a military leave

of absence by the REA. While working for REA, O'Rourke was insured under an employee's group insurance policy issued by the Travelers. This policy provided life insurance benefits in the amount of $6,000.00, and accidental death benefits in the amount of $4,000.00.

On the 21st of July 1968, O'Rourke died and the Travelers paid to Thomas O'Rourke, as Administrator of the Estate of John O'Rourke, the sum of $10,000.00. This represented a $6,000.00 payment under the life insurance provisions of the policy, and $4,000.00 under the accidental death provisions. The basis of the Traveler's suit is that at the time of his death, O'Rourke was not insured under the accidental death portion of the policy and that the $4,000.00 payment was therefore erroneous.

The first provision of the policy which is pertinent to the resolution of this case is Article VII, Section 1. There it is stated that:

"Each Employee shall be insured for an amount of life insurance, determined in accordance with Article VIII, and for Accidental Death * * * Benefits determined in accordance with Article IX, during and only during the period that he is insured in accordance with Article IV, Part B, Paragraph 1 of this policy * * *."

Because the above quoted section provides that life insurance benefits and accidental death benefits are governed by two different articles, *i.e.*, Article VIII and Article IX, the issue of whether the deceased, at the time of his death, was insured under the accidental death provisions of the policy is dependent upon those provisions which specifically relate to accidental death, and read in conjunction with those articles which describe the period of coverage. Article IV, Part B, Paragraph 1 provides:

"An Employee shall be insured * * * during and only during a month in which the Policyholder is required to make the appropriate payment to the Insurer as to him as described in Paragraph 1 of Article III hereof * * *."

The period of coverage referred to in Section 1 of Article VII and Article IV, Part B, Paragraph 1, is described in Article III, Paragraph 1. There it is stated:

"* * * by the end of each calendar month * * * the Policyholder shall * * * transmit to the Insurer the appropriate amount * * * as to each Employee who shall have rendered compensated service to * * * the Employer in the preceding calendar month."

■■ In view of the above quoted portions of the policy, it is our opinion that the deceased, at the time of his death, was not insured under the accidental death provisions of the policy. By virtue of Article III, Paragraph 1, the accidental death coverage terminated at the end of June 1968. This is so because that was the last month during which the Policyholder was required to make a payment on O'Rourke's behalf.

■■ The court erred in dismissing the claim. The order is therefore reversed and the cause remanded with directions to allow the claim in favor of Travelers in the amount of $4,000.00.

Order reversed and cause remanded with directions.

GOLDBERG, P. J., and LYONS, J., concur.